UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY LOMAX, | ) | CASE NO. 1:13CV2801 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| KEVIN SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

On December 20, 2013, Petitioner, Rodney Lomax ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1[1].  Petitioner seeks relief for alleged constitutional violations that resulted from guilty pleas in three cases before the Cuyahoga County, Ohio Court of Common Pleas.  Petitioner pleaded guilty to two counts of aggravated robbery in violation of Ohio Revised Code ("R.C.") § 2911.01(A)(1), felonies of the first degree, both with one-year firearm specifications pursuant to R.C. § 2941.141; and one count of trafficking in violation of R.C. § 2925.03, with forfeiture specifications pursuant to R.C. § 2941.1417.  ECF Dkt. #8 at 38-40.

On June 26, 2014, Respondent, Kevin Smith, Warden of Mansfield Correctional Institution, in Mansfield, Ohio, filed a Return of Writ.  ECF Dkt. #6.  On July 28, 2014, Petitioner filed a Traverse to Return of Writ.  ECF Dkt. #7.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice:

## I.    SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. §

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040

(1999).  As set forth by the Eighth District Court of Appeals, the facts are:

> In November 2010, Lomax was charged in Case No. CR-543073 with four counts of aggravated robbery, one count of attempted murder, one count of felonious assault, two counts of rape, one count of having a weapon while under disability, and one count of theft.  Each of these counts, except the having a weapon while under disability charge, carried one- and three-year firearm specifications, and one of the kidnapping charges additionally carried a sexual motivation specification.  In April 2011, Lomax was charged in Case No. CR-549126 with drug possession, drug trafficking, and possessing criminal tools, with each count carrying various forfeiture specifications.  In May 2011, Lomax was charged in Case No. CR-549974 with two counts of aggravated burglary, one count of kidnapping, two counts of aggravated robbery, one count of felonious assault, two counts of theft, and one count of having a weapon while under disability.  Each of these counts, except the having a weapon while under disability charge, carried a one- and three-year firearm specification.

> Pursuant to a plea agreement, Lomax pled guilty to amended charges in each case.  In Case No. CR-543073, Lomax pled guilty to one count of aggravated robbery with a one-year firearm specification and the remaining 18 counts were nolled.  In Case No. CR-549126, Lomax pled guily to drug trafficking with agreed upon forfeiture specifications and the remaining two counts were nolled.  In Case No. CR-549974, Lomax pled guilty to one count of aggravated robbery with a one-year firearm specification and the remaining 8 counts were nolled.  The trial court sentenced Lomax to an aggregate 17 years in prison on all three cases.  In Case No. CR-543073, the trial court sentenced Lomax to ten years in prison on the aggravated robbery charge and one year in prison on the firearm specification to be served consecutive to Case No. CR-549974.  In Case No. CR-549126, Lomax was sentenced to five years in prison on the drug trafficking charge, to be served concurrent to Case Nos. CR-543073 and CR-549974.  In Case No. CR-549974, the trial court sentenced Lomax to five years in prison on the aggravated robbery charge and one year in prison on the firearm specification, to be served consecutive to Case No. CR-543073.

ECF Dkt. # 8 at 75-76.

## II.  PROCEDURAL HISTORY

### A.  State Trial Court

During the September 2010 term, the Cuyahoga County, Ohio Grand Jury indicted

Petitioner, in Case No. CR-543073, on: four counts of aggravated burglary in violation of

R.C. § 2911.11(A)(1), with one- and three-year firearm specifications under R.C. §§

2941.141(A) and 2941.145(A), respectively; five counts of kidnapping in violation of R.C.

§ 2905.01(A)(2), with one- and three-year firearm specifications under R.C. §§ 2941.141(A)

and 2941.145(A), respectively; four counts of aggravated robbery in violation of R.C. §

2911.01(A)(1), with one- and three-year firearm specifications under R.C. §§ 2941.141(A)

and 2941.145(A), respectively; one count of attempted murder in violation of R.C. §§

2923.02 and 2903.02(A), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; one count of felonious assault in violation of R.C. § 2903.11(A)(1), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; two counts of rape in violation of R.C. § 2907.02(A)(2), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; and one count of theft in violation of R.C. § 2913.02(A)(1). ECF Dkt. #8 at 13-31.

During the January 2011 term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner, in Case No. CR-549126, on: two counts of drug possession in violation of R.C. § 2925.11(A), with one count carrying three forfeiture specifications pursuant to R.C. § 2941.1417(A); one count of trafficking in violation of R.C. § 2925.03(A)(2), with three forfeiture specifications pursuant to R.C. § 2941.1417(A); and one count of possessing criminal tools in violation of R.C. § 2923.24(A), with three forfeiture specifications pursuant to R.C. § 2941.1417(A).  ECF Dkt. #8 at 32-37.

During the May 2011 term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner, in Case No. CR-549974, on: two counts of aggravated burglary in violation of R.C. § 2911.11(A)(1), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; one count of kidnapping in violation of R.C. § 2905.01(A)(2),  with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; two counts of aggravated robbery in violation of R.C. § 2911.01(A)(1), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; one count of felonious assault in violation of R.C. § 2903.11(A)(2), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; two counts of theft in violation of R.C. § 2913.02(A)(1), with one- and three-year firearm specifications under R.C. §§ 2941.141(A) and 2941.145(A), respectively; and one count of having weapons under disability in violation of R.C. § 2923.13(A)(3).  ECF Dkt. #8 at 4-12.

On September 23, 2011, Petitioner plead guilty to two counts of aggravated robbery in violation of R.C. § 2911.01(A)(3), with a one-year firearm specification pursuant to R.C. § 2941.141, in Case Nos. CR-543073 and CR-549974, and one count of trafficking in violation of R.C. § 2925.03(A)(2) with forfeiture specifications pursuant to R.C. § 2941.1417 in Case No. CR-549126.  ECF Dkt. #8 at 38-40.  Accordingly, Petitioner was sentenced to seventeen years in prison.  ECF Dkt. # 1 at 1.

**B**.      **Direct Appeal to State Intermediate Court**

On March 21, 2012, Petitioner, through counsel, filed a notice of appeal.  ECF Dkt. #8 at 41. Petitioner asserted the following assignments of error:

> ASSIGNMENT OF ERROR ONE
>
> [Lomax] was denied due process of law when the court accepted pleas of guilty without informing [him] of the effect of pleas of guilty.
>
> ASSIGNMENT OF ERROR TWO
>
> [Lomax] was denied due process of law when the court failed to inform [him] as to the nature of the amended charges to which he was entering pleas of guilty.
>
> ASSIGNMENT OF ERROR THREE
>
> [Lomax] was denied due process of law and his Sixth Amendment rights when [he] was sentenced based on judicial factfinding.

ECF Dkt. #8 at 76-77.

On September 13, 2012, the Eighth District Court of Appeals overruled all three Assignments of Error.  ECF Dkt. #8 at 81-83.  On September 24, 2012, Petitioner filed an Application for Reconsideration in the Eighth District Court of Appeals.  ECF Dkt. # 8 at 85. The Eighth District Court of Appeals denied reconsideration on October 11, 2012.  ECF Dkt. #8 at 98.

**C**.      **Appeal to the Supreme Court of Ohio**

On November 14, 2012, Petitioner filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #8 at 99.  In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

PROPOSITION OF LAW NO. I

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ACCEPTS PLEAS OF GUILTY WITHOUT INFORMING A DEFENDANT CONCERNING THE EFFECT OF PLEAS OF GUILTY [sic]

PROPOSITION OF LAW NO. II

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT FAILS TO INFORM THE DEFENDANT OF THE NATURE OF THE AMENDED CHARGES TO WHICH HE WAS ENTERING PLEAS OF GUILTY.

PROPOSITION OF LAW NO. III

A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW AND HIS SIXTH AMENDMENT RIGHTS WHERE HE HAS BEEN SENTENCED BASED ON JUDICIAL FACTFINDING.

*Id.* at 109-113.

On November 16, 2012, the State of Ohio filed a Waiver of Memorandum in Response. ECF Dkt. #8 at 130. On February 6, 2013, the Supreme Court of Ohio declined jurisdiction. *Id.* at 131.

**III.    28 U.S.C. § 2254 PETITION**

On December 20, 2013, Petitioner filed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. In the petition, Petitioner raises the following grounds for relief:

Ground one: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when the court accepted pleas of guilty without informing petitioner concerning the effect of his pleas of guilty.

Ground two [sic] FOURTEENTH AMENDMENT

Supporting Facts [sic] Petitioner was denied due process of law when the court failed to inform petitioner of the nature of the amended charges when he entered his pleas of guilty.

Ground three [sic] SIXTH AND FOURTEENTH AMENDMENT

Supporting Facts [sic] Petitioner was denied due process of law and his Sixth Amendment rights where a court sentenced petitioner based on judicial factfinding on facts not alleged either in the indictment nor admitted at the time of the plea [sic]

-5-

ECF Dkt. #1 at 4.  On June 26, 2014, Respondent filed a Return of Writ.  ECF Dkt. #6.  On July 28, 2014, Petitioner filed a Traverse to Return of Writ.  ECF Dkt. #7.

**IV.**     **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

**A.**     **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations is not currently at issue in this case.

**B.**     **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts."  *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in

which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

Petitioner has exhausted  all possible state remedies for his three claims.

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural

requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

Petitioner has not procedurally defaulted on any of his claims.

## **V**.    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

   A.     Decisions of lower federal courts may not be considered.

   B.     Only the holdings of the Supreme Court, rather than its dicta, may be considered.

   C.     The state court decision may be overturned only if:

-9-

1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'   'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6ᵗʰ Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6ᵗʰ Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6ᵗʰ Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine*, 986 F.2d at 1514.  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## VI.    ANALYSIS

### A.    GROUND FOR RELIEF NUMBER ONE

In Ground for Relief Number One, Petitioner asserts that he was denied due process of law when the court accepted pleas of guilty without informing Petitioner of the effect of entering such pleas.  ECF Dkt. #1 at 4.  Petitioner's Ground for Relief Number One is not cognizable in federal habeas corpus, and, alternatively, is without merit.

It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  *Estelle v. McGuire*, 502 U.S. 62, at 67-68 (1991).  When conducting habeas review, a federal court is limited to determining whether a conviction violated the Constitution, laws, or treatises of the United States.  *Id.*  Errors of state law that result in a denial of fundamental fairness do support relief in habeas corpus.  *Walker*, 703 F.2d at 962; *Handley v. Pitts*, 491 F.Supp. 597, 599 (E.D. Tenn. 1978), *aff'd.*, 623 F.2d 23 (6th Cir. 1980); *Maglaya v. Buckhoe*, 515 F.2d 265 (6th Cir. 1975), *cert. denied*, 423 U.S. 931 (1975); *Gemel v. Buchkoe*, 358 F.2d 338 (6th Cir. 1966).

Petitioner's argument that the trial court failed to inform him of the effect of his pleas of guilty does not rely on the Constitution, laws, or treatises of the United States.  Rather, Petitioner builds his argument on Ohio Crim.R. 11 and *Stat*e *v. Jones,* 116 Ohio St.3d 211 (2007).  *Jones*  itself is entirely concerned with the meaning and interpretation of Ohio Crim.R. 11.  Petitioner has failed to argue or demonstrate any way in which the Constitution, laws, or treatises of the United States have been violated regarding the application of Ohio Crim.R 11.  There were no errors of state law that resulted in a denial of fundamental fairness.  Accordingly, Petitioner's Ground for Relief Number One is not cognizable on federal habeas review.

Alternatively, Petition's Ground for Relief Number One is without merit.  Petitioner relies, in part, on *Boykin v. Alabama*, 395 U.S. 239 (1969), when arguing he was denied due process of law concerning the effects of his pleas of guilty.  ECF Dkt. #7 at 2-3.  However, *Boykin* does not support Petitioner's argument.  In *Boykin*, the United States Supreme Court stated:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.  Second, is the right to trial by jury.  Third, is the right to confront one's accusers.

*Boykin*, 395 U.S. at 243 (internal citations omitted).  In *Boykin*, the Supreme Court reversed the circuit court on the ground that there was reversible error where the record did not disclose that defendant voluntarily and understandingly entered his pleas of guilty.  *Id.*

Petitioner also appears to argue that the Eighth District Court of Appeal's assertions that: (1) a trial court must strictly comply with Ohio Crim.R. 11 requirements regarding a waiver of constitutional rights; (2) that substantial compliance is sufficient; and (3) that substantial compliance requires that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving support his claims that the trial court did not comply with Ohio Crim.R. 11.  ECF Dkt. #7 at 3.

-12-

Petitioner fails in his arguments that *Boykin* should apply and that the trial court did not substantially comply with Ohio Crim.R. 11.  First, Petitioner was expressly advised that he was waiving all  the enumerated constitutional rights that the Supreme Court was concerned with in *Boykin*.  ECF Dkt. #8 at 5.  Second, Ohio Crim.R. 11 indicates that defendants must be informed of their constitutional rights.  The Eighth District Court of Appeals stated, "[i]n the instant case, the trial court's compliance with Crim.R. 11's strict requirements for constitutional rights are not at issue."  The excerpt discussing substantial compliance with Ohio Crim.R. 11 that Petitioner includes in his Traverse and Brief states that the reviewing court must look to the totality of the circumstances to determine whether the defendant subjectively understands the implications of his plea and the rights that he is waiving.  ECF Dkt. #7 at 3.  The Eighth District Court of Appeals did exactly that, and determined that under the totality of the circumstances, Petitioner understood what he was admitting by pleading guilty, and that he understood his constitutional rights and understood that he was waiving those rights.  ECF Dkt #8 at 80.

Finally, Petitioner attempts to rely on *Jones* to argue that the trial court was required to inform him of the effect of his plea.  116 Ohio St.3d at 684-85.  While *Jones* does partially support this assertion, the case also states that failure to inform a defendant of the effect of his plea will not result in an invalidation of the plea without a showing of prejudice, *i.e.*, "whether the plea would have otherwise been made."  *Id*. at 685.  Petitioner has failed to argue or show that he was prejudiced in any manner.

For the above reasons, the undersigned recommends that the Court find that Petitioner's Ground for Relief Number One is not cognizable in federal habeas review or is otherwise without merit.

### B.  GROUND FOR RELIEF NUMBER TWO

In Ground for Relief Number Two, Petitioner claims that he was denied his due process rights when the trial court failed to inform Petitioner of the nature of the amended charges when he entered his pleas of guilty.  ECF Dkt. #1 at 4.  Petitioner's Ground for Relief

-13-

Number Two is without merit.

It is well established that when a defendant enters a guilty plea and waives his or her constitutional rights, the plea must be made voluntarily, knowingly, and intelligently. *Schriro v. Landrigan*, 550 U.S. 465, 486 (2007); *Iowa v. Tover,* 541 U.S. 77 (2004).  Petitioner cites *Henderson v. Morgan*, 426 U.S. 637, 645 (1976), asserting that a plea of guilty cannot be considered voluntary "unless the defendant received 'real notice of the true nature of the charge against him, the first and foremost universally recognized requirement of due process.'" (citing *Smith v. O'Grady*, 312 U.S. 329, 344 (1941)).  However, Petitioner fails to fully articulate the Supreme Court's holding in *Henderson*.  Petitioner argues that *Henderson* supports his position that the trial court's failure to advise him regarding the nature of the amended charges violated his right to due process.  In *Henderson*, the Supreme Court held that where the record discloses that neither the state court nor defense counsel explained an essential element of the charge before the guilty plea was entered, and defendant made no factual statement or admission necessarily implying that he had the intent required by the charge, it was impossible to conclude that the plea to the unexplained charge was voluntary. *Id.*

A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent, and knowing.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *Dunn v. Simmons*, 877 F.2d 1275, 1277 (6th Cir. 1989), *overruled on other grounds by Parke v. Raley*, 506 U.S. 20 113 (1992).  In the present case, there is no indication in the record that Petitioner was not advised of the true nature of the amended charges against him. The Eighth District Court of Appeals found that "nothing in the record indicates that [Petitioner] did not understand the charges to which he pled guilty."  ECF Dkt. #8 at 81.  In *Henderson*, the Supreme Court made it clear that the case was unique "because the trial judge found as a fact that the element of intent was not explained to respondent."  426 U.S. at 647. Here, Petitioner does not state or contend that no one advised him of the true nature of the

-14-

amended charges against him. There is no indication from the record that defense counsel failed to advise Petitioner of the nature of the charges to which he was entering a guilty plea. Further, in discussing how *Henderson* is unique, the Supreme Court stated, "it may be appropriate to presume that in most cases defense counsel routinely explains the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* There is nothing in the record of this case showing that the presumption that defense counsel explained the nature of the offense is inappropriate.

Petitioner also relies on *Stumpf v. Mitchell,* 367 F.3d 594 (6th Cir. 2004), *overruled by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). In *Stumpf*, the Sixth Circuit determined that there was a reasonable probability that, had the petitioner been fully informed of the elements of the offense to which he was pleading and consequences of that plea, he would not have pleaded guilty to aggravated murder. *Id.* at 610. The Sixth Circuit made this determination by reviewing the record for indications that the statutory requirement of intent was never explained to petitioner. In *Stumpf*, the record indicated that the petitioner had continually professed his innocence and had never been informed of the specific statutory requirement of intent. Combined, these findings refuted the typical presumption that defense counsel has fully and adequately explained all elements of the crime to the client before the guilty plea is entered. *Id.* at 601. Like *Henderson*, the court in *Stumpf* found that both the trial court and the attorneys for the petitioner failed to adequately explain the elements of the crime to which petitioner was entering a guilty plea, and this was the basis for the ruling.

Additionally, the Supreme Court overruled the Sixth Circuit in *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), holding that the Sixth Circuit erred in finding that Stumpf had not been properly informed before pleading guilty. The Supreme Court stated, "we have never held that the judge must himself explain the elements of each charge to the defendant on the record" when taking the defendant's plea. There is nothing in the record to indicate, and Petitioner does not argue, that his counsel did not inform him of the nature of the amended charges and the elements of the crime. Coupled with the presumption that defense counsel

-15-

routinely explains the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit, as stated in *Henderson*, Petitioner has not established that he was not informed, and did not understand, the nature of the amended charges when he entered his pleas of guilty.

Petitioner argues that *Hart v. Marion Correctional Inst.,* 927 F.2d 256 (6th Cir. 1991), is analogous to this case.  ECF Dkt. #7 at 7.  In *Hart*, the trial judge and Hart's attorneys incorrectly informed him that his maximum period of incarceration was fifteen years when the actual maximum period was seventy-five years.  *Hart*, 927 F.2d at 256.  The Sixth Circuit stated:

> We find that, because the trial judge and Hart's attorney incorrectly informed Hart that his maximum period of incarceration would be 15 years and because he was incorrectly informed of the possible term of incarceration before the plea was entered, his plea was not entered with 'a sufficient awareness of the relevant circumstances and likely consequences.

*Id.* at 259.  *Hart* is not analogous to the present case.  There is no indication from the record that Petitioner was incorrectly informed of the possible length of his sentence.  Rather, the record shows that Petitioner was correctly informed of the possible length of his sentence. ECF Dkt. #8 at 147-48.  Petitioner cites and briefly discusses the facts of additional cases, but makes no attempt to state how the case law cited should be applied in the present case.

For the above reasons, the undersigned recommends that the Court find that Petitioner's Ground for Relief Number Two is without merit.

### C.     GROUND FOR RELIEF NUMBER THREE

In Ground for Relief Number Three, Petitioner asserts that he was denied due process of law and his Sixth Amendment rights when a court sentenced Petitioner based on judicial factfinding not alleged in either the complaint or the indictment.  ECF Dkt. #1 at 3. Petitioner's Ground for Relief Number Three is without merit.

Under the AEDPA, a federal habeas court may grant a writ of habeas corpus if the state court arrives at a conclusion that is contrary to a decision reached by the Supreme Court

-16-

on a question of law or in a case that has a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Alternatively, the writ may be granted if the state court unreasonably applied established federal law. *Id.* When determining whether the state court's application of clearly established federal law was unreasonable, the federal court should ask whether that application was objectively unreasonable. *Id.* Additionally, the Sixth Circuit held that to be overturned, a state court's application of Supreme Court of the United States precedent must be objectively unreasonable, and that findings of fact of the state courts are presumed to be correct. *Bailey*, 271 F.3d at 655-56. A reviewing federal court is obligated to accept the state court's interpretation of the state's statutes and rules of practice. *Hutchinson*, 744 F.2d at 46. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

The Eighth District Court of Appeals found that no due process violation occurred in the sentencing process because the trial court did not abuse its discretion under the state law standard when it imposed Petitioner's sentence. ECF Dkt. #8 at 83. The Eighth District Court of Appeals explained that in *State v. Foster*, 109 Ohio St.3d 1, 100 (2006), the Supreme Court of Ohio held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing, maximum, consecutive, or more than the minimum sentence." Additionally, the Eighth District Court of Appeals held that the trial court properly applied R.C. §§ 2929.11 and 2929.12 when calculating Petitioner's sentence. Under *Hutchinson*, this reviewing federal court is obligated to accept the state court's interpretation of Ohio's statutes and rules of practice. *Hutchinson*, 744 F.2d at 46. Petitioner has failed to rebut the presumption of the correctness by clear and convincing evidence.

Petitioner also argues that the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), demonstrates that Petitioner's constitutional rights were violated. In *Blakely,* the state

-17-

recommended a prison term in the standard range of forty-nine to fifty-three months.  *Id.* at 300.  After hearing testimony from one of the victims, the trial judge rejected the state's recommendation and imposed an exceptional sentence of ninety months.  *Id.*  The petitioner appealed, arguing that the sentencing procedure deprived him of his right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.  *Id.* at 301.  The Supreme Court applied the rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  The Supreme Court's ruling for the petitioner in *Blakely* was based on the fact that the trial judge sentenced the petitioner to a prison term beyond the statutory maximum allowed for the crime.

In the present case, the trial judge did not sentence Petitioner to a prison term longer than allowed under the relevant statute.  The Eighth District Court of Appeals dismissed Petitioner's Sixth Amendment complaint, holding that trial courts have full discretion to impose a prison sentence within the statutory range.  ECF Dkt. #8 at 82.  This is not contrary to a decision reached by the United States Supreme Court on a question of law.  Further, the decision of the Eighth District Court of Appeals is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

For the above reasons, the undersigned recommends that the Court find that Petitioner's Ground for Relief Number Three is without merit.

-18-

## VII.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition (ECF Dkt. #1) in its entirety with prejudice.


DATE:   May 4, 2015                                    _/s/ George J. Limbert_____
                                                       GEORGE J. LIMBERT
                                                       UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).