PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RODNEY LOMAX, ) | |
| ) | CASE NO. 1:13CV2801 |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| ALAN J. LAZAROFF,[1] Warden, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF No. 11] |

Petitioner Rodney Lomax, an Ohio prisoner at the Mansfield Correctional Institution, through counsel,[2] filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging three (3) grounds for relief which challenge the constitutional sufficiency of his convictions and sentence in Cuyahoga County, Ohio Court of Common Pleas Case Nos. CR-10-543073-A, CR-11-549126-B, and CR-11-549974-A. The case was referred to Magistrate Judge George J. Limbert for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2. The magistrate judge subsequently issued a Report and Recommendation (ECF No. 9). In his Report, the magistrate judge recommends that the Court dismiss the petition because Ground One is not cognizable in this federal habeas corpus proceeding or, in the

---

[1] Kevin Smith was the original respondent. He was sued in an official capacity as a public officer. According to the Ohio Department of Rehabilitation and Correction website (http://www.drc.ohio.gov/manci (last visited March 30, 2017)), Alan J. Lazaroff is the Warden at that facility. Pursuant to Fed. R. Civ. P. 25(d), Lazaroff's name has been automatically substituted as a party.

[2] Petitioner has been represented by Paul Mancino, Jr. throughout all the proceedings, including the habeas petition.

(1:13CV2801)

alternative, is without merit. In addition, Grounds Two and Three fail on the merits. Petitioner filed timely Objections to the Magistrate Judge's Report (ECF No. 11). The Court, after reviewing the Objections, hereby adopts the Report and denies the Petition.

## I. Facts

In November 2010, Petitioner was indicted in Case No. CR-10-543073-A. Indictment (ECF No. 8 at PageID #: 243-60). In April 2011, Petitioner was indicted in Case No. CR-11-549126-B. Indictment (ECF No. 8 at PageID #: 262-66). In May 2011, Petitioner was indicted in Case No. CR-11-549974-A. Indictment (ECF No. 8 at PageID #: 234-41). The parties reached a plea bargain, and on August 8, 2011, Petitioner entered guilty pleas to amended charges in each case. Transcript of Change of Plea Hearing (ECF No. 8 at PageID #: 363-88). On September 22, 2011, the trial court sentenced Petitioner to an aggregate 17-year term of imprisonment on all three cases. Transcript of Sentencing Hearing (ECF No. 8 at PageID #: 389-404); Journal Entries (ECF No. 8 at PageID #: 268-70).

In September 2012, the Eighth District Court of Appeals of Ohio affirmed Petitioner's convictions and sentence. *State v. Lomax*, No. No. 98125, 2012 WL 4019019 (Ohio App. 8th Dist. Sept. 13, 2012) (ECF No. 8 at PageID #: 303-14). On September 24, 2013, Petitioner filed an application for reconsideration, which was denied by the Eighth District on October 11, 2012. ECF No. 8 at PageID #: 328. In February 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal, *State v. Lomax*, 134 Ohio St.3d 1453 (2013) (ECF No. 8 at PageID #: 361), and Petitioner did not further appeal to the United States Supreme Court.

2

(1:13CV2801)

On December 20, 2013, Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

**III. Law & Analysis**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The task of the Court is not to determine whether the Eighth District Court of Appeals of Ohio's decision was right or wrong. Instead, under the AEDPA, the

3

(1:13CV2801)

Court must decide whether the state appellate court's adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). As the United States Supreme Court has explained:

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotations omitted) (emphasis in original).

### A. Grounds One and Two

In Grounds One and Two, Petitioner challenges the validity of his guilty pleas. He asserts that the trial court did not determine if he understood the effect of his pleas of guilty (Ground One) or the nature of the amended charges (Ground Two). The magistrate judge thoroughly examined the state Court of Appeals' rejection of these claims.

The magistrate judge recommends that the Court conclude that Ground One is not cognizable in federal habeas corpus. ECF No. 9 at PageID #: 416. The Court agrees. *Burrell v. Smith*, No. 1:12CV2233, 2014 WL 1246847, at *3 (N.D. Ohio March 24, 2014) (Boyko, J.). A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived

4

(1:13CV2801)

error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Moreover, because the state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008).

Assuming *arguendo* that Ground One is cognizable on federal habeas review, the Court agrees with the recommendation of the magistrate judge that it is without merit. ECF No. 9 at PageID #: 418. The state Court of Appeals found that the totality of the circumstances indicated that Petitioner understood he was admitting his guilt by pleading guilty. *Lomax*, 2012 WL 4019019, at *3, ¶ 12. Petitioner was explained the rights he would be waiving. He was advised of his constitutional rights. The trial court read the amended charges, then asked Petitioner how he would plea. Petitioner then pled guilty, giving no indication that he was confused about the events. ECF No. 8 at PageID #: 363-88.

The state Court of Appeals found that although the trial court did not advise Petitioner that the effect of his guilty plea was a complete admission of guilt, "the record sufficiently demonstrates that Lomax understood that by entering pleas of guilty, he admitted to committing aggravated robbery and drug trafficking." *Lomax*, 2012 WL 4019019, at *3, ¶¶ 10, 12. The rights contained in Ohio Crim.R. 11(C)(2)(b) are nonconstitutional, so Petitioner is required to

5

(1:13CV2801)

show that he suffered some prejudice from the trial court's omission.  See *State v. Jones*, 116 Ohio St.3d 211, 219, ¶ 52 (2007); *State v. Taylor*, No. 94569, 2010 WL 4684761, at *1, ¶ 5 (Ohio App. 8th Dist. Nov. 18, 2010).  Petitioner makes no argument that he was prejudiced by the trial court's failure to advise him of the effect of his guilty plea, nor is any prejudice apparent on the record.  At no time during the plea proceedings did Petitioner assert his innocence or in any other way indicate that he was unaware that his plea would constitute a complete admission of his guilt.  The magistrate judge notes that the state Court of Appeals addressed the issue and found the trial court did not err in accepting Petitioner's plea.  ECF No. 9 at PageID #: 418.  Petitioner has not shown any prejudice from the omission.

Regarding habeas review of state plea bargains, the United States Court of Appeals for the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . .  If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Desmyther v. Bouchard*, 108 Fed.Appx. 364, 366-67 (6th Cir. 2004) (per curiam), *cert. denied*, 544 U.S. 921 (2005) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *cert. denied*, 454 U.S. 840 (1981)).

Petitioner relies on *Boykin v. Alabama*, 395 U.S. 238 (1969), when arguing he was denied due process of law concerning the effects of his pleas of guilty.  As the Supreme Court has explained, "[s]everal federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial."  *Id.* at 243.  The Court agrees with the

6

(1:13CV2801)

magistrate judge that Petitioner fails in his argument that *Boykin* should apply and that the trial court did not substantially comply with Ohio Crim.R. 11. ECF No. 9 at PageID #: 418.

In Ground Two, Petitioner claims he was denied due process of law when the trial court failed to inform him of the nature of the amended charges when he entered his pleas of guilty. ECF No. 1 at PageID #: 3. The state Court of Appeals found that "nothing in the record indicates that Lomax did not understand the charges to which he pled guilty." *Lomax*, 2012 WL 4019019, at *3, ¶ 14. Under the circumstances of the case at bar, "it is appropriate to presume that defense counsel explained the nature of the [amended charges] in sufficient detail to give [Petitioner] notice of what he was asked to admit." *Whitley v. Lecureux*, No. 86-1031, 1986 WL 18487, at *2 (6th Cir. Dec. 29, 1986) (per curiam) (citing *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984); *Henderson v. Morgan*, 426 U.S. 637, 647 (1976)). *See also*, *West v. Bradshaw*, No. 1:06CV1123, 2007 WL 2780506, at *3 (N.D. Ohio Sept. 24, 2007) (Gaughan, J.) (presumed to have been informed adequately by very experienced counsel of charge "even when the record is devoid of an explanation of the charge by the judge"). The record shows that Petitioner understood the amended charges against him, understood the consequences of a guilty plea, and voluntarily chose to plead guilty, without being coerced to do so, which renders his plea constitutionally valid.

Habeas relief is only available if Petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. The state Court of Appeals found that the trial court satisfied the constitutional requirements for accepting a plea. Therefore, the Court

7

(1:13CV2801)

finds that Petitioner has not established that the state Court of Appeals decision is contrary to, or involved an unreasonable application of, clearly established federal law. Grounds One and Two are without merit.

### B. Ground Three

In Ground Three, Petitioner claims that he was denied due process of law and his Sixth Amendment rights when the trial court imposed a maximum, consecutive sentence in Case No. CR-10-543073-A when the trial court based the sentence on facts not alleged in the indictment nor admitted by Petitioner at the time of his plea. Specifically, he refers to the trial court's comments that "[d]ue to the egregious facts and issues in this case, I believe it is appropriate to provide the maximum sentence of ten years." ECF No. 8 at PageID #: 400.

The state Court of Appeals found that "[Petitioner's] sentence was not contrary to law or an abuse of discretion." *Lomax*, 2012 WL 4019019, at *5, ¶ 21. A reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The magistrate judge found that Petitioner has failed to rebut the presumption. ECF No. 9 at PageID #: 422. The Court agrees.

As discussed in *Van Buskirk v. Warden, Lebanon Correctional Inst.*, No. 3:12 CV 2275, 2014 WL 861207, at *3 n. 2 (N.D. Ohio March 4, 2014), in 2006, the Ohio Supreme Court

(1:13CV2801)

recognized that Ohio's sentencing statutes required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms, which, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), unconstitutionally infringed on the jury's function in violation of the Sixth Amendment. *State v. Foster*, 109 Ohio St.3d 1 (2006). As a result, the Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and to order sentences to be served consecutively. *Id.* at 29-30, ¶ 99.

In 2009, the reasoning in *Foster* was called into question by *Oregon v. Ice*, 555 U.S. 160 (2009), where the Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences. See *State v. Hodge*, 128 Ohio St.3d 1 (2010).[3] Therefore, the Court agrees with the magistrate judge that the decision of the state Court of Appeals is not based on an unreasonable determination of the facts in light of the evidence presented in the trial court. ECF No. 9 at PageID #: 423.

---

[3] Subsequent to *Hodge*, the General Assembly enacted Am.Sub.H.B. No. 86, effective September 30, 2011, reviving some of the statutory language the Supreme Court of Ohio severed in *Foster*. That legislation created a statutory presumption in favor of concurrent sentences and further directed courts to make statutorily enumerated findings prior to imposing consecutive sentences, but it did not require courts to give reasons in support of its findings. *State v. Bonnell* 140 Ohio St.3d 209, 211, ¶ 4 (2014).

(1:13CV2801)

### IV.  Conclusion

The Court finds the magistrate judge's Report and Recommendation (ECF No. 9) to be correct.  The Court finds that Petitioner's Objections (ECF No. 11) raise no arguments (factual or legal) that have not been fully addressed by the Report and Recommendation (ECF No. 9).  Therefore, Petitioner's Objections (ECF No. 11) are overruled and the Report and Recommendation (ECF No. 9) of the magistrate judge is adopted.  Rodney Lomax's Petition for a Writ of Habeas Corpus is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| March 31, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |